Present:  All the Justices

MUGUET S. MARTIN

v.  Record No. 040804      OPINION BY JUSTICE ELIZABETH B. LACY
                                    January 14, 2005
KRISTOPHER JOSEPH ZIHERL

            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Theodore J. Markow, Judge

     In this appeal we consider whether Zysk v. Zysk, 239 Va.

32, 404 S.E.2d 721 (1990), which disallows tort recovery for

injuries suffered while participating in an illegal activity,

precludes Muguet S. Martin from maintaining a tort action

against Kristopher Joseph Ziherl for injuries allegedly

inflicted during sexual intercourse, a criminal act of

fornication proscribed by Code § 18.2-344, in light of the

decision of the Supreme Court of the United States in Lawrence

v. Texas, 539 U.S. 558 (2003), holding unconstitutional a

Texas penal statute prohibiting certain sexual acts.

                              FACTS

     Because the case was decided on demurrer, we recite the

facts contained in the pleadings and all reasonable inferences

therefrom in the light most favorable to the plaintiff.

McDermott v. Reynolds, 260 Va. 98, 100, 530 S.E.2d 902, 903

(2000).  Martin and Ziherl were unmarried adults in a sexually

active relationship from approximately October 31, 2001

through November 3, 2003.  Martin experienced a vaginal

outbreak in June 2003, which her physician diagnosed as herpes. Martin filed a motion for judgment against Ziherl alleging that he knew he was infected with the sexually transmitted herpes virus when he and Martin were engaged in unprotected sexual conduct, knew that the virus was contagious, and failed to inform Martin of his condition. In the two-count motion for judgment, Martin asserted claims of negligence, intentional battery and intentional infliction of emotional distress and sought compensatory and punitive damages.

Ziherl filed a demurrer asserting that Martin's injuries were caused by her participation in an illegal act and therefore, under Zysk, the motion for judgment did not state a claim upon which relief could be granted. Following a hearing, the trial court applied Zysk and sustained Ziherl's demurrer holding that Lawrence did not "strike down" Code § 18.2-344 and that valid reasons such as the protection of public health and encouraging marriage for the procreation of children are "rationally related to achieve the objective of the statute." We awarded Martin an appeal.

DISCUSSION

Before turning to the merits of Martin's appeal, we consider Ziherl's assertion that Martin lacks "standing" to challenge the constitutionality of Code § 18.2-344. In making

his "standing" argument, Ziherl refers to the lack of real or threatened prosecution of Martin under Code § 18.2-344 and states that invalidation of the statute would not impact her liberty interest but, instead, would only allow her to maintain her action for damages. Regardless of the approach, well established law precludes us from considering Ziherl's "standing" challenge.

A basic principle of appellate review is that, with few exceptions not relevant here, arguments made for the first time on appeal will not be considered. Ziherl did not assert before the trial court that Martin lacked "standing" to challenge the constitutionality of Code § 18.2-344. We have repeatedly held that challenges to a litigant's standing must be raised at the trial level, and the failure to do so precludes consideration of a litigant's standing by this Court on appeal. In Walt Robbins, Inc. v. Damon Corp., 232 Va. 43, 348 S.E.2d 223 (1986), the Court considered whether the appellee's mechanics' lien was unenforceable for failure to make the trustees and the beneficiary of the antecedent deed of trust parties to the suit to enforce the lien. Id. at 46, 348 S.E.2d at 225. On appeal, the appellee challenged the "appellants' standing to assert the rights of the trustees and beneficiary," but the Court refused to consider this argument, finding that it had been waived for failure to preserve it in

the lower court.  <u>Id.</u> at 46 n.2, 348 S.E.2d at 226 n.2.  The Court concluded that "a standing question cannot be raised for the first time on appeal."  <u>Id.</u>; <u>see</u> <u>also</u> <u>Princess Anne Hills Civic League v. Susan Constant Real Estate Trust</u>, 243 Va. 53, 59 n.1, 413 S.E.2d 599, 603 n.1 (1992)(refusing to consider contention that defendant lacked standing to maintain its cross-bill because issue not raised in pleadings or referred to the factfinder in earlier proceedings); <u>Shenandoah Pub. House, Inc. v. Fanning</u>, 235 Va. 253, 258 n.1, 368 S.E.2d 253, 255 n.1 (1988) (refusing to notice standing argument on brief because it was neither raised in trial court nor assigned as error); <u>Andrews v. Cahoon</u>, 196 Va. 790, 805, 86 S.E.2d 173, 181 (1955) (declining to consider the capacity of an executrix to maintain a wrongful death action because the issue was raised for first time on appeal); <u>Crawley v. Glaze</u>, 117 Va. 274, 277, 84 S.E. 671, 673 (1915) (finding that a demurrer cannot be sustained upon an allegation of lack of standing when the record from the circuit court fails to indicate whether such an argument was presented below and consequently is an insufficient record for an appellate court to consider the argument on appeal).

While we will not entertain a standing challenge made for the first time on appeal, the Court will consider, <u>sua</u> <u>sponte</u>, whether a decision would be an advisory opinion because the

4

Court does not have the power to render a judgment that is only advisory. See Commonwealth v. Harley, 256 Va. 216, 219-20, 504 S.E.2d 852, 854 (1998). In the case at bar, the Court's decision on the constitutionality of Code § 18.2-344 will determine Martin's right to pursue her tort claim for damages. Thus, we find that this case presents a justiciable issue and a decision by this Court will not be an advisory opinion.

Martin asserts that the reasoning of the Supreme Court of the United States in Lawrence renders Virginia's statute criminalizing the sexual intercourse between two unmarried persons, Code § 18.2-344, unconstitutional. The issue in Lawrence, as stated by the Court, was "whether the petitioners were free as adults to engage in the private conduct in the exercise of their liberty under the Due Process Clause of the Fourteenth Amendment to the Constitution." Id. at 564. Lawrence had been convicted of violating a Texas statute that made it a crime for two persons of the same sex to engage in certain intimate sexual conduct described as the act of sodomy. Tex. Penal Code Ann. § 21.06(a) (2003). Lawrence challenged his conviction in the Texas courts, asserting that the Texas statute was unconstitutional, but the Texas court rejected that challenge, relying on Bowers v. Hardwick, 478 U.S. 186 (1986). Lawrence, 539 U.S. at 363. In Bowers, the

5

Supreme Court had held that a Georgia statute making it a crime to engage in sodomy, regardless of the sex of the participants, was constitutional.  478 U.S. at 189.

Acknowledging that the Texas court properly considered Bowers as "then being authoritative," Lawrence, 539 U.S. at 563, the Supreme Court reexamined its prior decision and concluded that "Bowers was not correct when it was decided, and is not correct today."  Id. at 578.  The Court explained that the liberty interest at issue was not a fundamental right to engage in certain conduct but was the right to enter and maintain a personal relationship without governmental interference.  Id. at 567.  The Court determined that the statutes proscribing certain acts between persons of the same sex sought to control a personal relationship that is "within the liberty of persons to choose without being punished as criminals."  Id.  The Court explained that the constitution protects the liberty interests of persons to maintain a personal relationship "in the confines of their homes and their own private lives" and that an element of that relationship is its "overt expression in intimate conduct." Id. at 567.

In overruling Bowers, the Court also stated that the analysis of Justice Stevens in his dissenting opinion in

6

<u>Bowers</u> should have been applied in that case and "should control" in <u>Lawrence</u>.  <u>Id.</u> at 578.  That analysis is:

> Our prior cases make two propositions abundantly clear.  First, the fact that the governing majority in a State has traditionally viewed a particular practice as immoral is not a sufficient reason for upholding a law prohibiting the practice; neither history nor tradition could save a law prohibiting miscegenation from constitutional attack. Second, individual decisions by married persons, concerning the intimacies of their physical relationship, even when not intended to produce offspring, are a form of "liberty" protected by the Due Process Clause of the Fourteenth Amendment.  Moreover, this protection extends to intimate choices by unmarried as well as married persons.

<u>Id.</u> at 577-78.  Applying Justice Stevens' analysis, the Court stated, "The State cannot demean their existence or control their destiny by making their private sexual conduct a crime. Their right to liberty under the Due Process Clause gives them the full right to engage in their conduct without intervention of the government."  <u>Id.</u> at 578.

We find no relevant distinction between the circumstances in <u>Lawrence</u> and the circumstances in the present case.[*]  As described in Justice Stevens' rationale adopted by the Court in <u>Lawrence</u>, decisions by married or unmarried persons regarding their intimate physical relationship are elements of

---

[*] Indeed, but for the nature of the sexual act, the provisions of Code § 18.2-344 are identical to those of the

their personal relationships that are entitled to due process protection. Using this rationale, the Supreme Court found that the Texas statute criminalizing a specific sexual act between two persons of the same sex violated the Due Process Clause of the Fourteenth Amendment because such statute improperly abridged a personal relationship that was within the liberty interest of persons to choose. Id. at 578-79. We find no principled way to conclude that the specific act of intercourse is not an element of a personal relationship between two unmarried persons or that the Virginia statute criminalizing intercourse between unmarried persons does not improperly abridge a personal relationship that is within the liberty interest of persons to choose. Because Code § 18.2-334, like the Texas statute at issue in Lawrence, is an attempt by the state to control the liberty interest which is exercised in making these personal decisions, it violates the Due Process Clause of the Fourteenth Amendment.

Ziherl argues, and the trial court held, that Code § 18.2-344 withstands constitutional scrutiny because "[v]alid public reasons for the law exist," including protection of public health and "encouraging that children be born into a family consisting of a married couple." Regardless of the

---

Texas statute which Lawrence determined to be unconstitutional.

8

merit of the policies referred to by the trial court, the Supreme Court in Lawrence indicated that such policies are insufficient to sustain the statute's constitutionality. Id. at 578.

The Supreme Court did not consider the liberty right vindicated in Lawrence as a fundamental constitutional right which could be infringed only if the statute in question satisfied the strict scrutiny test. Rather, the Court applied a rational basis test, but held that "[t]he Texas statute furthers no legitimate state interest which can justify its intrusion into the personal and private life of the individual." Id. This statement is not limited to state interests offered by the state of Texas in support of its statute, but sweeps within it all manner of states' interests and finds them insufficient when measured against the intrusion upon a person's liberty interest when that interest is exercised in the form of private, consensual sexual conduct between adults. As we have said, this same liberty interest is invoked in this case when two unmarried adults make the choice to engage in the intimate sexual conduct proscribed by Code § 18.2-344. Thus, as in Lawrence, the Commonwealth's interests do not warrant such encroachment on personal liberty.

9

Therefore, applying the reasoning of Lawrence as Martin asks us to do, leads us to conclude that Code § 18.2-344 is unconstitutional because by subjecting certain private sexual conduct between two consenting adults to criminal penalties it infringes on the rights of adults to "engage in the private conduct in the exercise of their liberty under the Due Process Clause of the Fourteenth Amendment to the Constitution." Id. at 564.

It is important to note that this case does not involve minors, non-consensual activity, prostitution, or public activity. The Lawrence court indicated that state regulation of that type of activity might support a different result. Our holding, like that of the Supreme Court in Lawrence, addresses only private, consensual conduct between adults and the respective statutes' impact on such conduct. Our holding does not affect the Commonwealth's police power regarding regulation of public fornication, prostitution, or other such crimes.

We now turn to the application of Zysk to this case. The rule applied in Zysk was that "a party who consents to and participates in an immoral and illegal act cannot recover damages from other participants for the consequence of that act." 239 Va. at 34, 404 S.E.2d at 722 (quoting Miller v. Bennett, 190 Va. 162, 164-65, 56 S.E.2d 217, 218 (1949)). We

10

adhere to that rule.  However, in light of our determination regarding the constitutionality of Code § 18.2-344, the sexual activity between Martin and Ziherl was not illegal and "the fact that the governing majority in a State has traditionally viewed a particular practice as immoral is not a sufficient reason for upholding a law prohibiting the practice." Lawrence, 539 U.S. at 577.  Therefore, Zysk is no longer controlling precedent to the extent that its holding applies to private, consensual sexual intercourse.

For the reasons stated above, we will reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

Reversed and remanded.


CHIEF JUSTICE HASSELL, concurring.

I concur in the judgment of the majority.

11