COURT OF APPEALS OF VIRGINIA

Present:  Judges Clements, Haley and Senior Judge Overton
Argued at Richmond, Virginia


WILLIAM SCOTT McDONALD, A/K/A
  WILLIAM SCOTT MacDONALD
                                                              OPINION BY
v.      Record No. 1180-05-2                        JUDGE JAMES W. HALEY, JR.
                                                              JUNE 13, 2006

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
James F. D'Alton, Jr., Judge

Terry Driskill for appellant.

William E. Thro, State Solicitor General (Judith Williams Jagdmann,
Attorney General; D. Mathias Roussy, Jr., Associate State Solicitor
General, on brief), for appellee.


William Scott McDonald (appellant) appeals his conviction in a bench trial of four counts of

sodomy in violation of Code § 18.2-361(A). His only contention is that Code § 18.2-361(A) is

unconstitutional because it violates the Due Process Clause of the Fourteenth Amendment.[1]

Finding that the statute, as applied, does not violate the Constitution, we affirm.

I.

Facts

As appellant does not challenge the sufficiency of the evidence against him, only a brief

discussion of the facts is necessary. On December 31, 2002 and again on April 27, 2003, appellant

and L.F. engaged in private, consensual sexual intercourse and oral sodomy, as defined by Code

---

[1] At oral argument, appellant also presented an equal protection argument. However, as
he failed to present this argument in his writ petition or his brief, we will not consider it. Rule
5A:20; Parker v. Commonwealth, 42 Va. App. 358, 373, 592 S.E.2d 358, 366 (2004).

§ 18.2-361(A). Appellant was forty-five years old at the time of the first encounter and forty-six at the time of the second, and L.F. was sixteen years old at the time of both encounters. Then, in June 2004 and again in August 2004, appellant participated in private, consensual sexual intercourse and oral sodomy with A.J. A.J. was seventeen years old at the time of both encounters, while appellant was forty-seven. After the prosecution rested its case and again after the defense rested, appellant moved to strike, claiming that Code § 18.2-361(A) is unconstitutional. The trial court denied both motions and convicted appellant of all counts. Appellant then appealed to this Court.

## II.

## Analysis

Neither party disputes the timing of these encounters; what acts took place then; that the female participants were ages sixteen and seventeen, respectively; or that Code § 18.2-361(A) clearly prohibits the conduct. The only question presented on appeal is if Code § 18.2-361(A) violates the Due Process Clause of the Fourteenth Amendment. Appellant challenges the constitutionality of the statute both on its face and as applied to him.

We review arguments regarding the constitutionality of a statute *de novo*. Shivaee v. Commonwealth, 270 Va. 112, 119, 613 S.E.2d 570, 574 (citing Wilby v. Gostel, 265 Va. 437, 440, 578 S.E.2d 796, 798 (2003); Eure v. Norfolk Shipbuilding & Drydock Corp., 263 Va. 624, 631, 561 S.E.2d 663, 667 (2002)), cert. denied, 126 S. Ct. 626 (2005). Furthermore,

> We are guided by the established principle that all acts of the General Assembly are presumed to be constitutional. In applying this principle, we are required to resolve any reasonable doubt regarding the constitutionality of a statute in favor of its validity. . . . [W]e will declare a statute null and void only when it is plainly repugnant to a state or federal constitutional provision.

In re Phillips, 265 Va. 81, 85-86, 574 S.E.2d 270, 272 (2003) (internal citations omitted).

## A.

## Facial Challenge

Appellant contends that Code § 18.2-361(A) is facially unconstitutional because it bans private, consensual sodomy between adults. In Lawrence v. Texas, 539 U.S. 558 (2003), the Supreme Court held that the right to liberty under the Due Process Clause of the Fourteenth Amendment rendered invalid a Texas law prohibiting homosexual sodomy. In reaching that decision, the Court held that a state may not criminalize such sexual conduct when it is private, non-remunerative, and engaged in between mutually consenting adults. Id. at 578.

We note, however, that a party "has standing to challenge the constitutionality of a statute only insofar as it has an adverse impact on his own rights." County Court of Ulster County v. Allen, 442 U.S. 140, 154-55 (1979). In Singson v. Commonwealth, 46 Va. App. 724, 734, 621 S.E.2d 682, 686 (2005), we applied that language to a facial challenge to Code § 18.2-361(A) under the Due Process Clause and held that only an as-applied challenge was appropriate. We continue to hold, as previously stated in Singson, that nothing in Lawrence or the Supreme Court of Virginia's opinion in Martin v. Ziherl, 269 Va. 35, 607 S.E.2d 367 (2005), facially invalidates Code § 18.2-361(A). 46 Va. App. at 737, 621 S.E.2d at 688. As was the case in Singson, therefore, we will only consider the constitutionality of Code § 18.2-361(A) as applied to appellant's conduct. See also Tjan v. Commonwealth, 46 Va. App. 698, 621 S.E.2d 669 (2005) (citing Singson as preventing a facial challenge to Code § 18.2-361(A) on due process grounds).

## B.

## As-Applied Challenge

Appellant maintains that Code § 18.2-361(A) is unconstitutional as applied to him because Virginia has established fifteen as the age of majority for consensual sexual acts and that, therefore,

his oral sodomy with A.J. and L.F. was consenting behavior between adults entitled to due process protection under Lawrence.

Appellant cites the interaction of three different statutes to build his case. Code § 18.2-361(A), at issue in this case, reads, in pertinent part, "A. If any person . . . carnally knows any male or female person . . . by or with the mouth, or voluntarily submits to such carnal knowledge, he or she shall be guilty of a Class 6 felony . . . ." This provision, then, serves to outlaw the behavior at issue in this case between any parties, regardless of age or consent. Code § 18.2-63 prohibits the "carnal knowledge" of a child either thirteen or fourteen years old. The statute specifically includes within the term "carnal knowledge" oral sodomy in the manner present in this case. The third statute, Code § 18.2-371, declares that when a person eighteen or older "engages in consensual *sexual intercourse* with a child 15 or older not his spouse" that person has committed a misdemeanor. (Emphasis added).

Appellant contends that these statutes establish an age of consent of fifteen for sexual behavior in Virginia and that, therefore, sodomy involving people fifteen and older should be viewed as no different from sodomy involving those eighteen and older. In support, he notes that Code § 18.2-371 specifically refers to "consensual sexual intercourse," thus establishing both 1) people fifteen and older can consent to intercourse and 2) the statute does not apply to sodomy. He also notes that Code § 18.2-63 bans all intercourse and sodomy involving children younger than fifteen. Finally, he points out that Code § 18.2-361(A) has no age limitation whatsoever. Thus, for consent purposes, anyone age fifteen and older is an "adult" in Virginia with regard to sexual behavior. Drawing on this reasoning, appellant cites Lawrence for its protection of private, consensual behavior between adults as establishing the unconstitutionality of Code § 18.2-361(A) as applied to him.

Appellant errs, however, in his interpretation of the statutes as defining "adult." The Supreme Court of Virginia has established that determining the age of majority is within the power of the legislature. Mack v. Mack, 217 Va. 534, 537, 229 S.E.2d 895, 897 (1976). While Code § 18.2-371 allows for people aged fifteen to seventeen to consent to sexual intercourse, the statute itself still refers to those people as "children." Additionally, Code §§ 1-203, 1-204, and 1-207 together define "adult" as a person aged eighteen or more, unless a statute specifically provides otherwise. Code § 18.2-361(A) does not change this standard definition of "adult." Therefore, appellant's equation of the ability to consent to sexual intercourse with being an "adult" fails.[2]

Other jurisdictions presented with a similar argument, although in different contexts, have reached the same conclusion. In United States v. Bach, 400 F.3d 622, 629 (8th Cir. 2005), the Eighth Circuit rejected the argument that child pornography was protected under the reasoning of Lawrence when the child at issue was over the age of consent to engage in the depicted behavior. See also United States v. Scherr, 400 F. Supp. 2d 843, 850 (D. Md. 2005) (adopting the reasoning of Bach). Similarly, the Supreme Court of Nebraska held that the Lawrence holding clearly does not apply to children, leaving states free to define people under age eighteen as children. State v. Senters, 699 N.W.2d 810, 817 (Neb. 2005).

Because Virginia still considers people aged sixteen or seventeen to be children, we must determine whether Code § 18.2-361(A) can constitutionally be applied to acts between an adult and a child, rather than between adults, as appellant wishes. Viewed in this posture, appellant's challenge necessarily fails.

---

[2] Furthermore, the distinction between Code § 18.2-63 and the other statutes is not a dividing line between "adults" and "children" but between a Class 4 felony in the case of Code § 18.2-63, a Class 6 felony in the case of Code § 18.2-361(A), and a misdemeanor in the case of Code § 18.2-371. Appellant reads a different distinction into the statutes than actually exists.

The Supreme Court in Lawrence made quite clear that its ruling did not apply to sexual acts involving children. The Court specifically notes that "[t]he present case does not involve minors." 539 U.S. at 578. Instead, "[t]he case does involve two adults." Id. That its holding does not apply to minors is one of four exceptions to the Court's holding. The Supreme Court found that acts involving minors along with non-consensual acts, public conduct, and prostitution do not merit due process protection. Id. The Supreme Court of Virginia recognized the importance of these exceptions when it noted in Martin that "this case does not involve minors, non-consensual activity, prostitution or public activity. . . . [S]tate regulation of that type of activity might support a different result." 269 Va. at 42-43, 607 S.E.2d at 371.

Other jurisdictions have found these stated exceptions to be situations where the behavior is not a protected liberty interest. See North Carolina v. Whiteley, 616 S.E.2d 576 (N.C. Ct. App. 2005) (upholding constitutionality of "crimes against nature" statute in situations involving minors, non-consensual acts, prostitution, and public acts); North Carolina v. Oakley, 605 S.E.2d 215 (N.C. Ct. App. 2004) (holding Lawrence did not prohibit admission of evidence of defendant's homosexuality in case involving prosecution under a sodomy statute for contact with a minor); Ohio v. Freeman, 801 N.E.2d 906 (Ohio Ct. App. 2003) (finding no constitutionally protected right to engage in incest with adult daughter under Lawrence); Washington v. Clinkenbeard, 123 P.3d 872 (Wash. Ct. App. 2005) (upholding statute preventing sexual contact between school employee and student aged sixteen or older).

Furthermore, we have cited the exceptions noted in Lawrence to uphold the constitutionality of Code § 18.2-361(A) in other settings. In Singson, we found this same law constitutional in affirming the conviction of a man accused of *public* sodomy based on the public acts exception in Lawrence. 46 Va. App. at 738, 621 S.E.2d at 688. In keeping with our decision in Singson, we conclude that Code § 18.2-361(A) is constitutional as applied to

appellant because his violations involved minors and therefore merit no protection under the Due

Process Clause.

<u>Affirmed.</u>