Present: Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and Agee, JJ., and Russell, S.J.

WILLIAM S. MCDONALD,
A/K/A WILLIAM S. MACDONALD

v. Record No. 061456     OPINION BY JUSTICE DONALD W. LEMONS
                                        June 8, 2007
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider a constitutional challenge to Code § 18.2-361 prohibiting sodomy.

I.   Facts

The facts of this case are not in dispute.  William S. McDonald ("McDonald"), a man who was 45 to 47 years old during the years when the subject events took place, engaged in private, sexual intercourse and oral sodomy with a 16-year-old female, L.F., on two occasions.  McDonald also had private, sexual intercourse and engaged in oral sodomy with a different female, A.J., who was 17 years of age at the time.  In a non-jury trial, McDonald was found guilty of one count of contributing to the delinquency of a minor under Code § 18.2-371 and four counts of sodomy under Code § 18.2-361. Only the sodomy convictions are before this Court on appeal.

II. Proceedings

a.   Trial Court

Prior to trial, a written "Motion to Dismiss on Due Process Grounds" was filed asserting that "Code Section 18.2-

1

361 violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution" and further citing to this Court's opinion in <u>Martin v. Ziherl</u>, 269 Va. 35, 607 S.E.2d 367 (2005).  Significantly, the written motion did not state whether the constitutional challenge was facial or as applied to McDonald.  There were no memoranda of law or briefs filed in support of the motion to dismiss. Additionally, the Commonwealth filed no written response.

The record does not reveal whether this written motion was the subject of a pre-trial consideration; however, the matter was brought to the trial court's attention at the conclusion of the Commonwealth's case-in-chief.  In the oral motion to dismiss, McDonald and the trial court made reference to the written motion previously filed.  McDonald's argument at this time was entirely predicated upon his contention that the victims were both "of the age of consent."  Counsel for McDonald stated:

> My argument would be you have testimony from
> these two girls they consented, they were not
> forced, they were not threatened, they were not
> paid.  These were not public acts, they were
> private, concealed from other people.  My
> argument would be that I believe that the age of
> consent in Virginia would be sixteen.

Continuing, in an apparent reference to the only case that had been mentioned, <u>Martin</u>, counsel stated:

My argument here would be based on the testimony that you heard thus far that these are two people who are old enough to consent, who have consented, who have not been forced to do anything, who have not been threatened in any way and who are willing participants in these activities. And my argument is that because they are of the age of consent – the court there doesn't say specifically if they are minors this ruling wouldn't apply. It says it may – state regulation of this type of activity might support a different result. But, at the same time we do not have people who are under the age of consent, we have people who are of the age of consent. One girl being seventeen-and-a-half years old at the time and one girl being sixteen at the time. They have not detailed that they have been forced to commit any of these acts. In fact, what Mr. McDonald is accused of is consensual sodomy. And so what I would argue is that because they are of the age of consent and they're old enough to give that consent, there is no crime here, and to punish him would be in violation of the due-process clause of the 14th Amendment, just taking the Commonwealth at its evidence.

At no point in this argument to the trial court did McDonald claim that Code § 18.2-361 was facially unconstitutional nor did he expressly argue that the statute was unconstitutional as applied to him. By implication, McDonald makes an as-applied argument maintaining that on the facts of this case, because the victims were of the age of consent, it would violate the Due Process Clause of the 14th Amendment to find him guilty of the offenses charged. In an apparent reference to Martin wherein we stated, "It is important to note that this case does not involve minors, non-consensual activity, prostitution, or public activity," 269

3

Va. at 42, 607 S.E.2d at 371, McDonald sought to bring his case within the scope of our decision in Martin by arguing that the specific exceptions we noted did not apply in this case because the age of consent for sodomy was sixteen-years-old and both victims were "of age." As presented to the trial court, McDonald's objections were quite narrowly stated.

Addressing the only argument made by McDonald, the trial court stated:

> I don't find that the due-process clause or the case that you cite would abrogate the law as it relates to juveniles and the code section that they're charged under, and I don't find any constitutional violation.

The trial court denied the motion to dismiss. After presentation of McDonald's evidence, counsel for McDonald stated, "Your Honor, the defense at this time will rest and renew its motion to dismiss on the grounds previously stated." No additional arguments were offered in support of the motion to dismiss on constitutional grounds, and the trial court ruled as follows: "I would overrule your motions at the conclusion of all the evidence and hear argument at this point." The court then heard closing arguments on the merits of the case.

b. Court of Appeals

4

After conviction, McDonald noted his appeal to the Court of Appeals of Virginia and in his petition stated the Question Presented as follows:

> Did the trial court err in finding that Virginia Code § 18.2-361 Section A remains a valid exercise of the police power of the state, surviving a substantive due process constitutional challenge?

For the first time, McDonald included in his argument: "Virginia Code Section 18.2-361 Section A, insofar as it relates to consensual sodomy between unrelated individuals who have reached the age of consent is facially unconstitutional, as a violation of the Due Process Clause of the Fourteenth Amendment."  At the petition stage in the Court of Appeals, McDonald also argued that "the statute is also unconstitutional *as applied* to the Defendant, as it prohibits constitutionally protected conduct between individuals who have reached the age of consent for such acts."  Once again, McDonald's argument was predicated upon the age of consent. Upon grant of the petition for appeal, McDonald filed his opening brief reciting the same question presented and making arguments identical to those contained in his petition.

The Court of Appeals in a published decision, McDonald v. Commonwealth, 48 Va. App. 325, 630 S.E.2d 754 (2006), affirmed the judgment and conviction of the trial court.  The Court of Appeals appeared to hold that McDonald lacked standing to

5

mount a facial challenge to the constitutionality of a statute because a party "has standing to challenge the constitutionality of a statute only insofar as it has an adverse impact on his own rights." Id. at 329, 630 S.E.2d at 756 (quoting County Court of Ulster County v. Allen, 442 U.S. 140, 154-55 (1979)). The Court of Appeals appeared to hold that "only an as-applied challenge was appropriate." Id. Nonetheless, the Court of Appeals also appeared to decide the facial challenge to the statute by holding that "nothing in Lawrence or the Supreme Court of Virginia's opinion in Martin . . . facially invalidates Code § 18.2-361(A)." Id.

The Court of Appeals then considered an as-applied challenge to the constitutionality of Code § 18.2-361(A). Recognizing that McDonald predicates his argument upon his contention that the victims had reached the "age of consent," the Court of Appeals concluded that the statute "is constitutional as applied to McDonald because his violations involved minors and therefore merit no protection under the Due Process Clause." Id. at 332, 630 S.E.2d at 758.

c. Supreme Court of Virginia

Upon appeal to this Court, McDonald assigns error as follows:

> Mr. McDonald assigns as error Judge Haley's decision denying his appeal, and specifically his findings that:

6

1.  That Mr. McDonald did not have standing to mount a facial attack on the constitutionality of Virginia Code § 18.2-361(A).

2.  That Virginia Code § 18.2-361(A) survives an as applied constitutional attack where the conduct alleged involved an adult and a minor who is above the age of consent in Virginia.

While assignment of error 2 is worded somewhat differently than the content of McDonald's Question Presented in the Court of Appeals, it nonetheless fairly encompasses his argument to that court.  Assignment of error 1 is directed to the judgment of the Court of Appeals.  In his brief before this Court, McDonald makes the same arguments he did in the Court of Appeals.  He is aided in his arguments by a brief amicus curiae.

But the efforts of the amicus are to no avail because the arguments of the parties on appeal and thus the aid of amicus must be limited to issues preserved in the trial court, Rule 5:25, and to issues presented before the appellate courts, Rule 5A:12, Rule 5:17 and Rule 5:30(c).  Of course, an appellate court may not reverse a judgment of the trial court based upon an alleged error in a decision that was not made or upon an issue that was not presented.  The trial court in this case never had before it a claim of facial invalidity of Code § 18.2-361(A).  Consequently, we will not consider McDonald's

7

first assignment of error.  We will consider his limited argument concerning the constitutionality of the statute as applied to him.

### III. Analysis

The very narrow issue preserved in the trial court and presented by McDonald for our review is quite simple. McDonald maintains that our decision in Martin governs this case, because, he alleges, the victims were of the age of consent and not excepted from the scope of our opinion.

The Martin case involved two unmarried adults in a sexually active relationship.  269 Va. at 38, 607 S.E.2d at 368.  Martin became infected with the herpes virus allegedly because of sexual contact with Ziherl.  Id.  After their relationship ended, Martin sued Ziherl in tort alleging that he knew he was infected with the sexually transmitted herpes virus when they engaged in unprotected sexual conduct, knew that the virus was contagious, and failed to inform her of his condition.  Id.  Ziherl filed a demurrer asserting that Martin's injuries were caused by her participation in an illegal act under Virginia law and therefore, under Zysk v. Zysk, 239 Va. 32, 404 S.E.2d 721 (1990), the motion for judgment did not state a claim upon which relief could be granted.  Id.  The trial court sustained Ziherl's demurrer. Id.

On appeal we considered the effect of the decision of the Supreme Court of the United States in Lawrence v. Texas, 539 U.S. 558 (2003), upon our prior decision in Zysk and further considered whether Code § 18.2-344, the fornication statute, ("Any person, not being married, who voluntarily shall have sexual intercourse with any other person, shall be guilty of fornication, punishable as a Class 4 misdemeanor."), could continue to provide a public policy basis for not permitting civil recovery for the conduct presented in both Zysk and Martin.

Lawrence had been convicted of violating a Texas statute that made it a crime for two persons of the same sex to engage in certain intimate sexual conduct described as the act of sodomy.  Tex. Penal Code Ann. § 21.06(a)(2003).  The Court of Appeals for the Texas Fourteenth District rejected Lawrence's constitutional challenge to the statute relying on Bowers v. Hardwick, 478 U.S. 186, 189 (1986).  The Supreme Court in Bowers had previously held that a Georgia statute making it a crime to engage in homosexual sodomy, was constitutional. Lawrence v. State, 41 S.W.3d 349, 360-62 (Tex. App. 2001). Reversing its prior decision in Bowers, the Court in Lawrence held that the Texas sodomy statute was unconstitutional because it furthered "no legitimate state interest which can justify its intrusion into the personal and private life of

the individual." _Lawrence_, 539 U.S. at 578. The Court in

_Lawrence_ noted that:

> The present case does not involve minors.
> It does not involve persons who might be
> injured or coerced or who are situated in
> relationships where consent might not
> easily be refused. It does not involve
> public conduct or prostitution. It does
> not involve whether the government must
> give formal recognition to any
> relationship that homosexual persons seek
> to enter.

_Id._

Upon consideration of the decision in _Lawrence_, we

observed in _Martin_ that:

> We find no relevant distinction between
> the circumstances in _Lawrence_ and the
> circumstances in the present case . . . .
> We find no principled way to conclude that
> the specific act of intercourse is not an
> element of a personal relationship between
> two unmarried persons or that the Virginia
> statute criminalizing intercourse between
> unmarried persons does not improperly
> abridge a personal relationship that is
> within the liberty interest of persons to
> choose. Because Code § 18.2-344, like the
> Texas statute at issue in _Lawrence_, is an
> attempt by the state to control the
> liberty interest which is exercised in
> making these personal decisions, it
> violates the Due Process Clause of the
> Fourteenth Amendment.

269 Va. at 41-42, 607 S.E.2d at 370.

First, it is necessary to state that our holding in

_Martin_ was that, under the circumstances presented, the

10

statute at issue, Code § 18.2-344, was unconstitutional.  See

Id. at 42, 607 S.E.2d at 371.  We further stated that:

> It is important to note that this case does not
> involve minors, non-consensual activity,
> prostitution, or public activity.  The Lawrence
> court indicated that state regulation of that
> type of activity might support a different
> result.  Our holding, like that of the Supreme
> Court in Lawrence, addresses only private,
> consensual conduct between adults and the
> respective statutes' impact on such conduct.  Our
> holding does not affect the Commonwealth's police
> power regarding regulation of public fornication,
> prostitution, or other such crimes.

Id. at 42-43, 607 S.E.2d at 371.  Clearly, the declaration

that the holding did not affect the Commonwealth's police

power regarding other crimes is the essence of an as-applied

analysis of constitutionality of the statute.  After Martin,

Code § 18.2-344 still has efficacy as noted; consequently, it

was not facially invalidated by our opinion.

McDonald's as-applied constitutional challenge to Code

§ 18.2-361, the sodomy statute, involves McDonald's proposed

construction of several statutes.  Except for certain conduct

between specified related persons, the sodomy statute does not

contain age restrictions.  See Code § 18.2-361.  McDonald

seeks to "borrow" age restrictions from the contributing to

the delinquency of a minor statute, Code § 18.2-371 and the

carnal knowledge statute, Code § 18.2-63.

11

In pertinent part, the contributing to the delinquency of a minor statute states:

> Any person 18 years of age or older, including the parent of any child, who . . .(ii) engages in consensual sexual intercourse with a child 15 or older not his spouse, child, or grandchild, shall be guilty of a Class 1 misdemeanor.

Code § 18.2-371.

In pertinent part, the carnal knowledge statute states:

> If any person carnally knows, without the use of force, a child thirteen years of age or older but under fifteen years of age, such person shall be guilty of a Class 4 felony.
>
> . . . .
>
> For the purposes of this section, (i) a child under the age of thirteen years shall not be considered a consenting child and (ii) "*carnal knowledge*" includes the acts of sexual intercourse, cunnilingus, fellatio, anallingus, anal intercourse, and animate and inanimate object sexual penetration.

Code § 18.2-63.

McDonald contends that the contributing to the delinquency of a minor statute refers only to sexual intercourse and penalizes such acts as a misdemeanor for an adult to commit such acts upon children aged fifteen, sixteen, or seventeen. Because the statute does not mention sodomy, McDonald argues that the contributing statute does not apply to acts of sodomy. He further infers from the carnal knowledge statute that because prosecution under its

12

provisions includes both sexual intercourse and specified forms of sodomy, that this "puts the age of consent for sexual activity in Virginia at 15 years old." McDonald is incorrect for two reasons: (1) the sodomy statute stands alone and without age restrictions concerning consent in this case, and (2) the real issue in this case is the victims' legal status as minors.

First, the fact that separate statutes may overlap in their proscription of specific conduct does not detract from their independent enforcement except when double jeopardy concerns are implicated. "[W]hen an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants." United States v. Batchelder, 442 U.S. 114, 123-24 (1979); see also Muhammad v. Commonwealth, 269 Va. 451, 501-02, 619 S.E.2d 16, 45 (2005). "Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion." Batchelder, 442 U.S. at 124. McDonald raises no double jeopardy issues. Furthermore, there is no basis for engrafting provisions or perceived implications from the carnal knowledge statute and the laws governing the crime of contributing to the delinquency of a minor into the sodomy

statute.  Such matters are for legislative consideration, and here the provisions are simply different.

Second, the real issue is the legal status of the victims as minors.  Determining the age of majority is the province of the General Assembly.  Mack v. Mack, 217 Va. 534, 537, 229 S.E.2d 895, 897 (1976) (holding "minority is a legal status subject to change by the legislature").  The Code is quite specific concerning the dividing line between minors and adults.  Code § 1-203 (" '*Adult*' " means a person 18 years of age or more."), Code § 1-204 ("For the purposes of all laws of the Commonwealth including common law, case law, and the acts of the General Assembly, unless an exception is specifically provided in this Code, a person shall be an adult, shall be of full age, and shall reach the age of majority when he becomes 18 years of age."), Code § 1-207 (" '*Child*,' '*juvenile*,' '*minor*,' '*infant*,' or any combination thereof means a person less than 18 years of age.").

The sodomy statute has no express age of consent; however, it must be applied in a constitutional manner in conformity with Lawrence and Martin.  The Court in Lawrence was explicit in its declaration of the scope of its opinion: "The present case does not involve minors."  539 U.S. at 578.  We were equally explicit in our opinion in Martin:  "It is important to note that this case does not involve minors, non-

14

consensual activity, prostitution, or public activity. . . . Our holding, like that of the Supreme Court in Lawrence, addresses only private, consensual conduct between adults and the respective statutes' impact on such conduct."  269 Va. at 42-43, 607 S.E.2d at 371.

As we have previously held, we "construe the plain language of a statute to have limited application if such a construction will tailor the statute to a constitutional fit." Virginia Society for Human Life v. Caldwell, 256 Va. 151, 157 n.3, 500 S.E.2d 814, 817 n.3 (1998).  Therefore, when there is an as-applied challenge to a statute, we must interpret the statute in such a manner as to remove constitutional infirmities.

The only issue preserved at the trial court and presented to this Court is an as-applied constitutional challenge to the sodomy statute.  McDonald's statutory construction argument is faulty and furthermore, it misses the real issue.  The victims in this case were minors, defined by the Code of Virginia as persons under the age of eighteen.  See Code § 1-207.  Nothing in Lawrence or Martin prohibits the application of the sodomy statute to conduct between adults and minors.

IV.  Conclusion

For the reasons stated, we will affirm the judgment of the Court of Appeals.

15

<u>Affirmed</u>.