PRESENT: All the Justices

FRANCES L. ROBINSON

                                                              OPINION BY
v. Record No. 160039                          JUSTICE CLEO E. POWELL
                                                              October 27, 2016

SALVATION ARMY, ET AL.


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Craig D. Johnston, Judge

Frances L. Robinson ("Robinson") appeals from the Circuit Court of Prince William

County's final order granting summary judgment in favor of the Salvation Army and Joel

DeMoss (collectively, "the Salvation Army") and dismissing Robinson's claim of common law

wrongful termination for refusing to commit fornication (Code § 18.2-344). On appeal,

Robinson asks this Court to reverse the decision of the trial court, find that Code § 18.2-344

provides a valid basis for stating a wrongful termination claim, and remand the case for further

proceedings.

## I. BACKGROUND

Robinson was an at-will employee of the Salvation Army for three years, until she was

fired in June 2012. Robinson thereafter filed a wrongful termination suit alleging that she was

terminated for refusing requests from DeMoss, her store manager, to engage in fornication.

Robinson alleged DeMoss "regularly made inappropriate comments when he was alone with

[her]." Robinson also alleged DeMoss inappropriately inquired about her romantic life;

suggested he wanted to sleep at her home; asked whether she was a "freak" or wanted to "freak"

with him; commented on her cleavage; made hand gestures indicating he wanted to slap

Robinson on the buttocks; and told employees that Robinson was "prime rib," had let him

"nibble on her ear," and made comments to Robinson about another female employee's

attendance at a party commenting that "the only open thing[s]" at a party "were [the employee's] legs." Robinson played secret recordings of her conversations with DeMoss to Evelyn Sears, the Human Resources officer. Shortly thereafter, Robinson was terminated without explanation.

In its motion for summary judgment, the Salvation Army asserted Robinson could not prove she was fired for refusing to commit a violation of Code § 18.2-344 because the Court ruled that statute was unconstitutional in *Martin v. Ziherl*, 269 Va. 35, 42-43, 607 S.E.2d 367, 370-71 (2005). In response, Robinson argued that there remained a factual dispute as to whether DeMoss conditioned her employment on having sex with him and, therefore, impliedly offered her a continuing paycheck in exchange for sex. She contended that the fornication statute remained viable as a basis for her common law wrongful termination claim, despite the holding in *Martin*.

The trial court granted the motion for summary judgment and dismissed Robinson's amended complaint with prejudice, holding:

> Termination of employment for refusing to engage in sexual activity in violation of [Code § 18.2-344] was at one time grounds for a *Bowman*[1] claim. However, the statute has since been held unconstitutional by the Supreme Court of the United States and by the Supreme Court of Virginia. *Lawrence v. Texas*, 539 U.S. 558 (2003); *Martin v. Ziherl*, 269 Va. 35, 607 S.E.2d 367 (2005). *Martin* explicitly struck down [Code] § 18.2-344, and implied that sexual activity can be outlawed only if it "involve[s] minors, non-consensual activity, prostitution, or public activity." 269 Va. at 42, 607 S.E. 2d at 371 (citing *Lawrence*, 539 U.S. at 564).
>
> . . . .
>
> [Robinson's] theory here is similar: while unconstitutional, the statute is still on the books, and accordingly, still represents the public policy of Virginia. However, I view the question differently: is it the public policy of Virginia to enforce an unconstitutional statute, by classifying -- as a tort -- the refusal to

---

[1] *Bowman v. State Bank of Keysville*, 229 Va. 534, 331 S.E.2d 797 (1985) (recognizing a cause of action for termination of employment in violation of public policy).

> engage in conduct barred by an unenforceable statute, in light of
> the Supreme Court of Virginia holdings that parties have a right to
> engage in that same conduct? I do not find that it is. As a result,
> the claim based on the alleged request to violate [Code] § 18.2-344
> is dismissed for this reason.

(Some citations omitted). This appeal followed.

## II. ANALYSIS

Despite our holding in *Martin*, Robinson asks the Court to find that Code § 18.2-344 provides the basis for a valid public policy ground to support her *Bowman* claim for wrongful termination. We disagree.

The Court has recognized an exception to the employment-at-will doctrine for a violation of public policy. *Bowman v. State Bank of Keysville*, 229 Va. 534, 331 S.E.2d 797 (1985). "[I]n our previous cases dealing with *Bowman*-type exceptions to the employment-at-will doctrine, this Court has consistently characterized such exceptions as 'narrow.'" *City of Virginia Beach v. Harris*, 259 Va. 220, 232, 523 S.E.2d 239, 245 (2000) (quoting *Lawrence Chrysler Plymouth Corp. v. Brooks*, 251 Va. 94, 98, 465 S.E.2d 806, 809 (1996)). One such exception specifically recognized in *Bowman* is that an at-will employee who is discharged based on a refusal to engage in a criminal act may have a valid cause of action for wrongful discharge.

Robinson seeks to base her cause of action on a public policy argument underlying Code § 18.2-344. Code § 18.2-344 provides that, "[a]ny person, not being married, who voluntarily shall have sexual intercourse with any other person, shall be guilty of fornication, punishable as a Class 4 misdemeanor." In *Mitchem v. Counts*, 259 Va. 179, 190-91, 523 S.E.2d 246, 252-53 (2000), we recognized the exact same cause of action on which Robinson rests her claim. However, in 2005, we addressed the issue again in *Martin*, where we applied the Supreme Court's rationale in *Lawrence v. Texas*, 539 U.S. 558, 577-78 (2003) (holding that a state statute criminalizing sodomy as applied to homosexuals was unconstitutional), and held that Code

3

§ 18.2-344 violated the Due Process Clause of the Fourteenth Amendment as it applies to

private, consensual conduct. We further clarified our ruling, noting that

> [i]t is important to note that this case does not involve minors, non-consensual activity, prostitution, or public activity. The *Lawrence* court indicated that state regulation of that type of activity might support a different result. Our holding, like that of the Supreme Court in *Lawrence*, addresses only private, consensual conduct between adults and the respective statutes' impact on such conduct. Our holding does not affect the Commonwealth's police power regarding regulation of public fornication, prostitution, or other such crimes.

*Martin*, 269 Va. at 42-43, 607 S.E.2d at 371.

Robinson argues that *Martin* did not find that Code § 18.2-344 was unconstitutional as to

non-consensual conduct between two adults in the workplace and, therefore, demands regarding

such conduct constitutes a violation of public policy under *Bowman*. "Clearly, the declaration

that the holding did not affect the Commonwealth's police power regarding other crimes is the

essence of an as-applied analysis of constitutionality of the statute. After *Martin*, Code

§ 18.2-344 still has efficacy as noted; consequently, it was not facially invalidated by our

opinion." *McDonald v. Commonwealth*, 274 Va. 249, 258, 645 S.E.2d 918, 923 (2007).

While Code § 18.2-344 remains in the Code, it only remains valid in the limited

application as outlined in *Martin* and its remaining scope does not provide support for a *Bowman*

exception for a violation of public policy wrongful termination claim based on private

consensual sexual activity between adults. In order for Robinson's claim to succeed, the Court

would have to determine from the record before us that Robinson was encouraged to engage in

"public fornication, prostitution, or other such crimes" by DeMoss.[2] *Id.* The record, however,

does not suggest in any way that the alleged conduct included a request for any kind of public

---

[2] Robinson's assignments of error relating to wrongful termination for prostitution were not granted an appeal.

4

sexual activity whatsoever. While there are multiple allegations that DeMoss made inappropriate comments and gestures to Robinson while her supervisor, nothing in the record shows that he asked her to participate in any kind of public sexual activity that would constitute a criminal act of public fornication.[3]

Robinson's reliance on *VanBuren v. Grubb*, 284 Va. 584, 733 S.E.2d 919 (2012) is misplaced. *VanBuren* does not support her contention that Code § 18.2-344 remains a basis for wrongful termination claims under circumstances where a supervisor coerces an employee's consent. Instead, *VanBuren* answered a narrow certified question from the United States Court of Appeals for the Fourth Circuit:

> Does Virginia law recognize a common law tort claim of wrongful discharge in violation of established public policy against an individual who was not the plaintiff's actual employer, such as a supervisor or manager, but who participated in the wrongful firing of the plaintiff?

*VanBuren*, 284 Va. at 587, 733 S.E.2d at 920. Moreover, that question was posed and answered in the context of an allegation of adultery, under Code § 18.2-365, and lewd and lascivious cohabitation, under Code § 18.2-435, not Code § 18.2-344. *VanBuren* references *Mitchem* (decided five years prior to *Martin*) in passing as an example of a circumstance where a valid criminal law could provide a basis for a cause of action based on public policy because VanBuren's discharge was

> based on the employee's refusal to engage in a criminal act. *Mitchem v. Counts*, 259 Va. 179, 190, 523 S.E.2d 246, 252 (2000) (holding discharge based upon refusal to engage in fornication and lewd and lascivious cohabitation to be against public policy).

---

[3] The most concrete allegations Robinson has, i.e., when DeMoss asked Robinson whether she was a "freak" or wanted to "freak" with him and made hand gestures indicating he wanted to slap Robinson on the buttocks, only remotely reference activities that could potentially lead to public fornication. These mere statements alone do not rise to the level of public fornication. *See Martin*, 269 Va. at 42-43, 607 S.E.2d at 371.

> VanBuren similarly alleges that her discharge resulted from her refusal to engage in the criminal acts of adultery and lewd and lascivious cohabitation. There is no question that VanBuren has stated a cognizable wrongful discharge claim against her employer, Virginia Highlands.

*Id.* at 590, 733 S.E.2d at 922. *VanBuren* is inapposite because the claim there was based on a valid criminal act, whereas here Robinson bases her claim on an act that has been decriminalized. To the extent that there is any confusion, *VanBuren's* reference to *Mitchem* was not intended to overrule *Martin* as to the continued validity of Code § 18.2-344.

## III. CONCLUSION

Following the rationale of *Lawrence* and *Martin*, Code § 18.2-344 does not support a public policy *Bowman* claim for wrongful termination in this case. Because we have ruled that Code § 18.2-344 is unconstitutional as applied to private consensual sexual activity between adults, demands regarding such activity can no longer provide the basis for a valid allegation of wrongful termination whether the employee accedes to the demands or is terminated for refusing the demands. Robinson has not alleged any facts to show that she was asked to engage in any public sexual activity. Accordingly, we find that the trial court did not err in granting the Salvation Army's motion for summary judgment and dismissing Robinson's complaint with prejudice. For the foregoing reasons, we will affirm the judgment of the trial court.

*Affirmed.*