COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Beales and Chafin
Argued at Richmond, Virginia

UNPUBLISHED

ADAM DERRICK TOGHILL

v.      Record No. 2230-12-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE TERESA M. CHAFIN
FEBRUARY 11, 2014

FROM THE CIRCUIT COURT OF LOUISA COUNTY
Timothy K. Sanner, Judge

John R. Maus (Law Office of John R. Maus, on briefs), for
appellant.

Steven A. Witmer, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on briefs), for appellee.

Adam Derrick Toghill ("Toghill") was convicted of internet solicitation of a minor in

violation of Code § 18.2-374.3. On appeal, Toghill first assigns error to the denial of his motion

for a mistrial based on the Commonwealth's expert witness expressing an opinion as to the

ultimate issue in the case. Next, Toghill asserts that the trial court erred in denying his motion to

strike, arguing that the evidence proved only that he wanted to have oral sex with a minor, not

that he attempted to persuade a minor to have oral sex with him. Lastly, citing the Fourth

Circuit's decision in MacDonald v. Moose, 710 F.3d 154 (4th Cir. 2013), Toghill contends that

his conviction of solicitation cannot stand because the act solicited "has since been held not to be

a crime." For the following reasons, we affirm Toghill's conviction.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

As part of his work with the Internet Crimes Against Children Taskforce, Louisa County Deputy Sheriff Patrick Siewert posted an advertisement in the "miscellaneous romance" section of Craigslist with the heading: "suspended, bored and lonely - w4m." The text of the advertisement read:

> hey well i just started on CL earlier this week cuz im suspended from skool and was bored but idk what i am really lookin 4 just sumthin 2 do even tho itz rainin outside so hit me up if u want and maybe we can chat or get together or sumthin k? Becca

Toghill answered the ad, and engaged in an approximately 80-minute email exchange with "Becca" on March 10, 2011. In the course of the email exchange, Siewert identified himself as "Rebecca Flynn," a 13-year-old girl residing in Gum Spring. After Toghill and "Becca" exchanged photos of themselves, Toghill repeatedly expressed his desire to engage in oral sex with her, questioned her about her sexual experience, and explored potential locations where they could meet. He ruled out meeting at her house because he had "seen those shows before," and suggested the mall. However, Toghill terminated the conversation before a time and place to meet were established.

Siewert identified Toghill from his email address and arranged to meet him at the Richmond Police Department. Toghill, a 32 year old who lives in Richmond, admitted to chatting via email with a 13-year-old girl who was suspended from school. He also admitted to masturbating during the exchange. Toghill was subsequently arrested.

Toghill was tried in a jury trial for computer solicitation of a minor in violation of Code § 18.2-374.3. The Commonwealth's only witness at trial was Detective Siewert. On cross-examination, defense counsel asked Siewert, "You're aware of a distinction between one just expressing their desire versus someone actually soliciting you to commit a crime, is that right?" Siewert responded, "Yes." The prosecution then asked Siewert, "Did you think this case

was a desire or a solicitation?" Siewert responded, "A solicitation." The defense objected, and the trial court, without hesitation, sustained the objection stating, "The jury is directed to disregard the testimony."

The jury convicted Toghill and sentenced him to five years in prison, and the trial court imposed the sentence fixed by the jury.

## ANALYSIS

### I. Constitutionality of Code § 18.2-361

Toghill asserts that the trial court erred in convicting him of soliciting oral sex, "an act which has since been held not to be a crime under the laws of the Commonwealth of Virginia" pursuant to the Fourth Circuit's decision in MacDonald v. Moose, 710 F.3d 154 (4th Cir. 2013).

Toghill acknowledges he presents this argument for the first time on appeal. However, a question of subject matter jurisdiction can be raised *sua sponte* at any time. Herrera v. Commonwealth, 24 Va. App. 490, 495, 483 S.E.2d 492, 495 (1997). Likewise, "the contemporaneous objection rule may not be invoked to bar consideration of an appeal which attacks the jurisdiction of the circuit court." Id. Because the dispositive issue here is one of jurisdiction, we hold that its determination is not procedurally defaulted by Toghill's failure to raise it and we will address this assignment of error on its merits.

"Both the Fourth Circuit Court of Appeals and Supreme Court of Virginia have interpreted the constitutionality of Code § 18.2-361(A)." Saunders v. Commonwealth, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (Feb. 4, 2014). See MacDonald v. Moose, 710 F.3d 154 (4th Cir. 2013); McDonald v. Commonwealth, 274 Va. 249, 645 S.E.2d 918 (2007). Toghill asserts that this Court should adopt the Fourth Circuit's ruling that Code § 18.2-361(A) is facially unconstitutional, rejecting the contrary decision of the Supreme Court of Virginia.

"Only decisions of the United States Supreme Court can supersede binding precedent from the Virginia Supreme Court."

> Anderson v. Commonwealth, 48 Va. App. 704, 712-13 n.2, 634
> S.E.2d 372, 376 n.2 (2006).  Moreover, "[t]hough state courts may
> for policy reasons follow the decisions of the Court of Appeals
> whose circuit includes their state, they are not obliged to do so."
> Owsley v. Peyton, 352 F.2d 804, 805 (4th Cir. 1965).  Thus, the
> Fourth Circuit's holding in MacDonald is merely persuasive and
> does not bind this Court.

Saunders, ___ Va. App. at ___, ___ S.E.2d at ___.

"In Lawrence [v. Texas, 539 U.S. 558 (2003)], the Supreme Court plainly held that statutes criminalizing private acts of consensual sodomy between adults are inconsistent with the protections of liberty assured by the Due Process Clause of the Fourteenth Amendment." MacDonald, 710 F.3d at 163.  This case involved actions between an adult and a minor; thus, it is removed from the ruling in Lawrence.  539 U.S. at 578 ("The present case does not involve minors.").  See Saunders, ___ Va. App. at ___, ___ S.E.2d at ___.

> The Supreme Court [of Virginia] interpreted the
> constitutionality of Code § 18.2-361(A) in McDonald.  In
> McDonald, the Supreme Court, by unanimous decision, affirmed
> this Court's ruling that "nothing in Lawrence or the Supreme Court
> of Virginia's opinion of Martin [v. Ziherl, 269 Va. 35, 607 S.E.2d
> 367 (2005),] . . . facially invalidates Code § 18.2-361(A)."  274
> Va. at 254, 645 S.E.2d at 921 (quoting McDonald v.
> Commonwealth, 48 Va. App. 325, 329, 630 S.E.2d 754, 756
> (2006)).  Specifically, the Supreme Court held "[n]othing in
> Lawrence or Martin prohibits the application of the sodomy statute
> to conduct between adults and minors."  Id. at 260, 645 S.E.2d at
> 924.  This Court is bound by the Supreme Court's holding in
> McDonald, which declared Code § 18.2-361(A) to be
> constitutional, particularly in the context of 'conduct between
> adults and minors.'"  Id.

Saunders, ___ Va. App. at ___, ___ S.E.2d at ___.  Thus, Code § 18.2-361(A) as referenced in Code § 18.2-374.3(C) is constitutional as applied to Toghill.  Accordingly, we will not disturb the ruling of the trial court.

- 4 -

II. Motion for Mistrial

Toghill contends the trial court erred in repeatedly denying his motion for a mistrial as a result of Detective Siewert expressing an opinion as to the ultimate issue in the case. We review a trial court's decision on a motion for a mistrial for abuse of discretion. Lewis v. Commonwealth, 269 Va. 209, 213, 608 S.E.2d 907, 909 (2005). "[E]rror arising from an improper question or improper conduct of counsel may usually be cured by prompt and decisive action of the trial court without granting a motion for a mistrial." Black v. Commonwealth, 223 Va. 277, 286, 288 S.E.2d 449, 454 (1982).

> "The rule in Virginia is well established that a judgment will not be reversed for the admission of evidence or for a statement of counsel which the court afterwards directs the jury to disregard unless there is a manifest probability that the evidence or statement has been prejudicial to the adverse party. A different rule would result in fixing an intolerable handicap upon the *nisi prius* court. Conversely, as an exception to the rule, if the prejudicial effect of the impropriety cannot be removed by the instructions of the trial court, the defendant is entitled to a new trial."

Landeck v. Commonwealth, 59 Va. App. 744, 755, 722 S.E.2d 643, 648-49 (2012) (quoting Saunders v. Commonwealth, 218 Va. 294, 303, 237 S.E.2d 150, 156 (1977)) (citations omitted). "'But whether the conduct was prejudicial is basically a question of fact to be determined in light of all the circumstances in each particular case.'" Id. at 755, 722 S.E.2d at 649 (quoting Saunders, 218 Va. at 303, 237 S.E.2d at 156).

The Commonwealth's attorney questioned Detective Siewert as follows regarding the conversation between Toghill and "Becca":

> Q: And what did you understand to mean eating out?
>
> A: I took that to mean opening the door for conversation for oral sex.
>
> Q: Okay.

- 5 -

A: Her, lol, well I think most laws are dumb anyways, with a smiley face.

Q: Is that a normal reaction you'd see from a child?

A: Yes.

Q: Okay. And please continue.

A: Him, lol, me too. Her, so what are we to do, question mark, lol. Him, lol, I'd love to eat it. Her, oh yeah, question mark. Well, I guess that's up to you, lol.

Q: So who is initiating all this contact about sexual stuff?

A: The defendant, Mr. Toghill.

Q: And when he says lol, I'd love to eat it, what did you understand it to mean?

A: A further solicitation for oral sex.

Toghill did not object to this line of questioning or Siewert's response. On cross-examination, defense counsel questioned Siewert about whether Toghill ever indicated that he intended to follow through on his conversations with "Becca" or whether the conversations were merely "fantasy." Siewert acknowledged that Toghill told him he never intended to meet "Becca." Defense counsel concluded his cross-examination by asking Siewert, "You're aware of a distinction between one just expressing their desire versus someone actually soliciting you to commit a crime, is that right?" Siewert responded, "Yes."

On redirect examination, the Commonwealth's attorney immediately followed up by asking, "Did you think this case was a desire or a solicitation?" Siewert answered, "A solicitation." Defense counsel objected to the Commonwealth's question. The trial court sustained the objection and cautioned, "The jury is instructed to disregard the testimony." Defense counsel immediately sought a mistrial on the ground that Siewert had been

- 6 -

"characterized as an expert" in internet crimes, and therefore, his testimony that Toghill had solicited sex had caused irreparable harm in the minds of the jurors.[1]

On appeal, Toghill makes two arguments. First, he contends that the prejudicial impact of Detective Siewert's testimony was so egregious it could not be cured by any cautionary instruction. Second, citing Lewis and Kitze v. Commonwealth, 246 Va. 283, 435 S.E.2d 583, (1993), Toghill argues that the trial court's instruction to the jury to "disregard the testimony" was "a bit unclear in its scope" and was "simply insufficient to cure the prejudice caused by the expert's opinion on one of the ultimate issues, namely whether Toghill's communications to the undercover officer were solicitations, as opposed to expressions of desire."

As to Toghill's argument concerning the inadequacy of the cautionary instruction, he failed to raise this specific issue at trial. Accordingly, we decline to consider it for the first time on appeal. See Rule 5A:18; Landeck, 59 Va. App. at 756-57, 722 S.E.2d at 649.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

With regard to Toghill's argument that the prejudicial impact of Detective Siewert's testimony warranted a mistrial, a mistrial motion must be granted only when the improper statements "'are so impressive as to remain in the minds of the jurors and influence their verdict.'" Kitze, 246 Va. at 288, 435 S.E.2d at 585 (quoting McLane v. Commonwealth, 202 Va. 197, 205, 116 S.E.2d 274, 281 (1960)). As noted previously, this is a question of fact "'to be

---

[1] Contrary to Toghill's assertions, Detective Siewert was not offered as an expert witness on cybercrime or any other subject.

determined in light of all the circumstances in each particular case.'" Landeck, 59 Va. App. at 755, 722 S.E.2d at 649 (quoting Saunders, 218 Va. at 303, 237 S.E.2d at 156). See also Lewis, 269 Va. at 214, 608 S.E.2d at 910 (decision whether to grant mistrial "must be made in light of all the circumstances in the case, including whether the jury was given a cautionary instruction regarding any improper remark or question"); Spencer v. Commonwealth, 240 Va. 78, 95, 393 S.E.2d 609, 619 (1990) (requiring a trial court to "make an initial factual determination, in the light of all the circumstances of the case, whether the defendant's rights are so 'indelibly prejudiced' as to necessitate a new trial").[2]

Nothing in the record suggests that Detective Siewert's testimony was so prejudicial, when viewed in light of all of the circumstances in the case, that its impact could not be cured by the trial court's prompt cautionary instruction. Moreover, prior to the question by the Commonwealth drawing Toghill's objection, Detective Siewert had previously testified without objection to nearly the same effect, characterizing Toghill's statement to "Becca" as "a further solicitation for oral sex." Any further statement by Detective Siewert in this regard was merely cumulative, and therefore, could not be characterized as prejudicial. See Greenway v. Commonwealth, 254 Va. 147, 154, 487 S.E.2d 224, 228 (1997) ("Improper admission of evidence does not create reversible error when it is merely cumulative of other competent evidence properly admitted.").

"[I]t is always to be presumed that the jury followed an explicit cautionary instruction promptly given, unless the record clearly shows that the jury disregarded it." Spencer, 240 Va. at

---

[2] As we recently observed in Landeck, the Supreme Court concluded the cautionary instruction in Kitze was inadequate because the trial court "issued only a *generalized* cautionary instruction . . . [that] did not fully address or cure the prejudice caused by the prosecutor's improper statements." Landeck, 59 Va. App. at 757, 722 S.E.2d at 649 (emphasis in original). Here, as in Landeck, "the trial court . . . immediately sustained appellant['s] objection . . . [, and] promptly instructed the jury that it should not consider [the objectionable testimony]." Id. Thus, Kitze is distinguishable on its facts.

95, 393 S.E.2d at 619. Here, viewing all of the circumstances of the case, we cannot say the trial court abused its discretion by concluding Detective Siewert's testimony was not so prejudicial it could not be cured by a cautionary instruction. Accordingly, the trial court properly refused to grant a mistrial.

### III. Motion to Strike

Toghill asserts the trial court erred in denying his motion to strike for the reason that the evidence proved only that he wanted to have oral sex with a minor, not that he attempted to persuade a minor to have oral sex with him. We disagree.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

Toghill was convicted of soliciting sex from a minor in violation of Code § 18.2-374.3(C). That section provides as follows:

> It shall be unlawful for any person 18 years of age or older to use a communications system, including but not limited to computers or computer networks or bulletin boards, or any other electronic means, for the purposes of soliciting, with lascivious intent, any person he knows or has reason to believe is a child less than 15 years of age to knowingly and intentionally:
>
> 1. Expose his sexual or genital parts to any child to whom he is not legally married or propose that any such child expose his sexual or genital parts to such person;
>
> 2. Propose that any such child feel or fondle the sexual or genital parts of such person or propose that such person feel or fondle the sexual or genital parts of any such child;
>
> 3. Propose to such child the performance of an act of sexual intercourse or any act constituting an offense under § 18.2-361; or

4. Entice, allure, persuade, or invite any such child to enter any vehicle, room, house, or other place, for any purposes set forth in the preceding subdivisions.

To be guilty of criminal solicitation, an accused need only "attempt . . . to incite another to commit a criminal offense." Branche v. Commonwealth, 25 Va. App. 480, 490, 489 S.E.2d 692, 697 (1997). "'It is immaterial whether the solicitation has any effect and whether the crime solicited is in fact committed . . . . The gist of [the] offense is incitement.'" Id. (quoting Huffman v. Commonwealth, 222 Va. 823, 827, 284 S.E.2d 837, 840 (1981)). "'The act of solicitation may be completed before any attempt is made to commit the solicited crime.'" Brooker v. Commonwealth, 41 Va. App. 609, 614, 587 S.E.2d 732, 734 (2003) (quoting Ford v. Commonwealth, 10 Va. App. 224, 226, 391 S.E.2d 603, 604 (1990)).

> "The specific intent to commit [a crime] may be inferred from the conduct of the accused if such intent flows naturally from the conduct proven. Where the conduct of the accused under the circumstances involved points with reasonable certainty to a specific intent to commit [the crime], the intent element is established."

Id. at 614, 587 S.E.2d at 734-35 (quoting Wilson v. Commonwealth, 249 Va. 95, 101, 452 S.E.2d 669, 674 (1995)).

Here, Toghill's "actions and statements" to "Becca" were not simply "'words alone.'" Id. (citing Bloom v. Commonwealth, 34 Va. App. 364, 373, 542 S.E.2d 18, 22, aff'd, 262 Va. 814, 554 S.E.2d 84 (2001)). He sought photos of "Becca," repeatedly discussed his desire to engage in oral sex with her, questioned her about her sexual experience, and explored potential locations where they could meet. Although "Becca" indicated she had no transportation, she suggested that Toghill meet her near her house and they could drive around the surrounding rural area. He ruled out meeting at her house because he had "seen those shows before," and suggested the mall. Although Toghill did not offer to drive "Becca" anywhere, "[p]roof of an[]

- 10 -

overt act toward committing the crime[], such as meeting . . . at a specified location, was not required" for Toghill to be guilty of solicitation. Id. at 615, 587 S.E.2d at 735.

From the content of the conversation between Toghill and "Becca," the fact finder could rationally infer that Toghill used his computer "for the purposes of soliciting, with lascivious intent" a person he knew to be under fifteen years old, and knowingly and intentionally proposed that he feel or fondle the child's genitals, and engage in acts constituting an offense under Code § 18.2-361, specifically oral sex. Accordingly, the evidence was sufficient to prove beyond a reasonable doubt that Toghill violated Code § 18.2-374.3(C).

<u>CONCLUSION</u>

For the above-stated reasons, we affirm the decision of the trial court.

<u>Affirmed.</u>