## CIRCUIT COURT OF FAIRFAX COUNTY

Adam Robert Blackington

v.

Commonwealth of Virginia

March 3, 2015

Case No. CL-2013-18691

BY JUDGE JANE MARUM ROUSH

This matter is before the Court on the Petition for a Writ of *Habeas Corpus* filed by Petitioner Adam Robert Blackington and the Commonwealth's Motion to Dismiss. For the reasons stated below, the Commonwealth's Motion to Dismiss will be granted.

### Background

On October 17, 2011, the petitioner, Adam Robert Blackington, pleaded guilty to one count of using a computer to solicit a minor to commit sodomy in violation of Va. Code Ann. § 18.2-374.3(E). The facts of the case as proffered by the Commonwealth were that in 2010, when Mr. Blackington was twenty years old, he used the internet to solicit oral sex from a 16 year old. On December 16, 2011, Mr. Blackington was sentenced to twelve months of incarceration, all suspended, with two years of active probation. As a special condition of probation, Mr. Blackington was ordered to submit to a substance abuse evaluation and a mental health evaluation and to follow whatever requirements his probation officer might impose for substance abuse treatment or mental health counseling. He was ordered to have no contact with the victim.

On December 16, 2013, Mr. Blackington filed his Petition for a Writ of *Habeas Corpus*. In the petition, he alleges that his conviction is void *ab initio* because Virginia's sodomy statute, Va. Code § 18.2-361(A) is facially unconstitutional under *Lawrence v. Texas*, 539 U.S. 558, 123 S. Ct. 2472, 156 L. Ed. 2d 508 (2003), and the Due Process Clause of the Fourteenth Amendment. In support of his argument, Mr. Blackington relies on *MacDonald v. Moose*, 710 F.3d 154 (4th Cir. 2013). In that case, the Fourth Circuit ruled that Va. Code § 18.2-361(A) is facially unconstitutional. (In

2014, the General Assembly amended Va. Code § 18.2-361(A) to remove the general provisions forbidding sodomy. Any references to Va. Code § 18.2-361(A) in this letter refer to the statute as it existed in 2010, the time of Mr. Blackington's offense.)

This Court took the matter under advisement. In the meantime, the Supreme Court of Virginia granted an appeal in three cases in which it was asked to decide the constitutionality of Va. Code § 18.2-361(A) in the light of *Lawrence v. Texas, supra,* and *MacDonald v. Moose, supra.* This Court has deferred ruling on this case until the Supreme Court of Virginia ruled on the issue of the constitutionality of Va. Code § 18.2-361(A).

Rejecting the Fourth Circuit's reasoning in *MacDonald v. Moose,* the Virginia Supreme Court held in *Toghill v. Commonwealth,* 289 Va. 220, 768 S.E.2d 674, 2015 Va. lexis 18 (2015), that Va. Code § 18.2-361(A) is not facially unconstitutional or unconstitutional as applied to an adult charged with using the internet to solicit a minor to engage in sodomy. The other two cases in which an appeal was granted were disposed of by unpublished orders. *See Saunders v. Commonwealth* (Record No. 140507, Order dated February 26, 2015); *McClary v. Commonwealth* (Record No. 140785, Order dated February 26, 2015). Both *Saunders* and *McClary* followed the holding of *Toghill. See also McDonald v. Commonwealth,* 274 Va. 249, 645 S.E.2d 918 (2007).

The Supreme Court of Virginia's holding in *Toghill* is dispositive in this case. As noted in *Toghill, Lawrence v. Texas* "simply does not afford adults with the constitutional right to engage in sodomy with minors." Slip Opinion, at p. 11.

Applying the holding of *Toghill,* this Court concludes that Va. Code § 18.2-361(A) is not unconstitutional as applied to Mr. Blackington. His conviction for violating § 18.2-374.3(E) by using the internet to solicit a minor to commit oral sodomy in violation of Va. Code § 18.2-361(A) is not void *ab initio.*

### Conclusion

For the reasons stated above, this Court will grant the Commonwealth's Motion to Dismiss Mr. Blackington's Petition for *Habeas Corpus* Relief.