**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-1961

RICHARD C. WEIDMAN,

Plaintiff - Appellant,

v.

EXXON MOBIL CORPORATION; CLARION ELLIS JOHNSON; JEFFREY
WOODBURY; VICTORIA MARTIN WELDON; STEPHEN D. JONES; KENT
DIXON; F. BUD CARR; DANIEL WHITFIELD; JEREMY SAMPSELL;
GERARD MONSIVAIZ; MEGHAN HASSON,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at
Alexandria.  Claude M. Hilton, Senior District Judge.  (1:13-cv-00501-CMH-JFA)

Submitted:  June 30, 2017                              Decided:  January 12, 2018

Before GREGORY, Chief Judge, and FLOYD and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard C. Weidman, Appellant Pro Se.  Ryan Michael Bates, Thomas Patrick Murphy,
Arthur Eric Schmalz, HUNTON & WILLIAMS, LLP, McLean, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard C. Weidman filed a civil action in Virginia state court against Exxon Mobil Corporation ("ExxonMobil") and various ExxonMobil employees, alleging a wrongful termination claim and three additional tort claims under Virginia law. In relevant part, Weidman alleged that he was fired after refusing to participate in an illegal pharmaceutical stockpiling and dispensing scheme through ExxonMobil's medical clinics.

After the action was removed to federal court, the district court denied Weidman's motion to remand and dismissed the action in its entirety for failure to state a claim. On appeal, however, we concluded that Weidman stated a cognizable wrongful termination claim against ExxonMobil, based on the theory that he was terminated for refusing to engage in a criminal act—namely, practicing pharmacy or engaging in wholesale distribution of prescription drugs without a license, in violation of Va. Code Ann. §§ 54.1-3310, 54.1-3435 (2016), respectively. *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 221-22 (4th Cir. 2015). We therefore vacated the district court's judgment in part and remanded for further proceedings. *Id.* at 222. After the parties developed the record through discovery, the district court granted ExxonMobil's motion for summary judgment. For the reasons that follow, we affirm the district court's summary judgment ruling.

We review de novo the district court's grant of summary judgment, "apply[ing] the same legal standards as the district court while viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Lawson v.*

2

*Union Cty. Clerk of Court*, 828 F.3d 239, 247 (4th Cir. 2016) (internal quotation marks omitted). In so doing, we may not "weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015). Summary judgment should be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotation marks omitted). "A fact is material if it might affect the outcome of the suit under the governing law." *Id.* (internal quotation marks omitted).

Virginia strongly adheres to the "employment-at-will doctrine," whereby employment is presumed to last for an indefinite period and may be terminated at will by either employer or employee. *See VanBuren v. Grubb*, 733 S.E.2d 919, 921 (Va. 2012). In *Bowman v. State Bank of Keysville,* 331 S.E.2d 797 (Va. 1985), the Supreme Court of Virginia recognized "a narrow exception to the employment-at-will rule." *Id.* at 801. That exception prohibits "discharges which violate public policy, that is, the policy underlying existing laws designed to protect the property rights, personal freedoms, health, safety, or welfare of the people in general." *Miller v. SEVAMP, Inc.*, 362 S.E.2d 915, 918 (Va. 1987) (internal quotation marks omitted). The Virginia courts have recognized only three circumstances in which an employee can demonstrate that his termination violates public policy, including "where the discharge was based on the employee's refusal to engage in a criminal act." *Rowan v. Tractor Supply Co.*, 559

3

S.E.2d 709, 711 (Va. 2002); *see Robinson v. Salvation Army*, 791 S.E.2d 577, 579-80 (Va. 2016) (discussing exception).

Here, the district court granted summary judgment after concluding that Weidman's *Bowman* claim failed, as a matter of law, on two essential grounds. First, it concluded that Weidman had not adduced evidence to establish that ExxonMobil or its employees forced or directed him to commit criminal acts prohibited by Va. Code §§ 54.1-3310, 54.1-3435. Second, the court concluded that Weidman failed to provide evidence to support his allegation that his firing was motivated by his refusal to engage in allegedly unlawful pharmacy practices. Although Weidman challenges each of these conclusions on numerous grounds, we find his arguments unavailing. Rather, even viewing the evidence in the light most favorable to Weidman, the record provided by the parties amply supports the district court's conclusions.

Initially, Weidman argues that illegal medication dispensing was a job expectation of his position at ExxonMobil, and thus he need not demonstrate that ExxonMobil expressly asked or directed him to carry out that function. He also takes issue with the district court's conclusion that he failed to establish a violation of Virginia pharmacy laws by ExxonMobil. We conclude that we need not resolve these issues. Even if we were to accept these assertions, the record is insufficient to show that Weidman's response to the illegal activities resulted in his termination.

As the district court recognized, the evidence demonstrates that Weidman discovered purportedly illegal pharmaceutical dispensing and stockpiling practices but stopped them of his own accord. Although he claimed that he was requested or directed

4

by one of his supervisors to engage in an illegal pharmaceutical "laundering" scheme involving an outside pharmacy, correspondence memorializing this interaction belies his characterization.

At bottom, Weidman's case turns upon his theory that an ExxonMobil executive several supervisory levels above him orchestrated a retaliatory scheme over the course of more than three years, involving multiple ExxonMobil employees and departments, to label Weidman a poor performer and bring about his eventual termination. Weidman's contentions rely substantially on his own speculation and conjecture, as the undisputed evidence of record reveals that this executive had no input in Weidman's annual ranking, performance improvement process, or termination during the relevant period of his employment. Both statements and documentary evidence demonstrate that Weidman was consistently ranked in the bottom 11% of his peer group, even before his refusal to participate in the allegedly illegal pharmacy activities. As a result, he was placed on an extended performance improvement plan and ultimately terminated for legitimate, performance-based reasons. Although Weidman argues that factual issues remain in dispute regarding the basis for his low ranking and termination, we find insufficient evidence in the record to support a genuine dispute. Weidman simply fails to point to any evidence in the record that would give rise to a reasonable inference of a nexus between his objections to ExxonMobil's pharmaceutical storage and dispensing practices in 2009 and his termination in 2013.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*